IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ATRIUM 5 LIMITED, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 3:16 CV 3 SMY/RJD |
| ) | |
| LATOIYA BUTCHEE, ) | |
| ) | |
| Defendant, ) | |
| ) | |
| CERTAIN UNDERWRITERS AT ) | |
| LLOYD'S LONDON, et al., ) | |
| ) | |
| Third-Party Defendants. ) | |

## MEMORANDUM AND ORDER

**DALY, Magistrate Judge:**

This matter comes before the Court on the Order pursuant to the Discovery Dispute Conference on August 22, 2016 (Doc. 42) and Order to Show Cause (Doc. 47) and Defendant's Motion to Strike the Answer (Doc. 52). On January 4, 2016, Plaintiff commenced this action seeking a declaration of rights with respect to an insurance policy issued to Plaintiff. (Doc. 1.) On July 1, 2016, Defendant filed a third party complaint, which asserted breach of contract, bad faith refusal to pay, negligence and estoppel. (Doc. 26.)

On August 22, 2016, during a discovery dispute conference, Magistrate Judge Philip M. Frazier ordered Plaintiff to submit the documents identified in its privilege logs for *in camera* review. (Doc. 42.) Upon review, additional argument is required regarding the objections and privileges related to commissions, fees, and reserve amounts. A discovery dispute conference will be set by a separate order, and the parties shall prepare briefs and send them to the proposed

documents email address no later than three days before the conference.  The undersigned finds that Plaintiff properly asserted the remaining objections and privileges.

On September 2, 2016, Magistrate Judge Philip M. Frazier ordered Plaintiff to show cause as to why the case should not be dismissed for lack of subject matter jurisdiction.  (Doc. 47.)  On October 3, 2016, Plaintiff responded to the order to show cause.  (Doc. 54.)  Without reaching the ultimate question of whether the Court has subject matter jurisdiction, the undersigned finds that Plaintiff has satisfied Magistrate Judge Philip M. Frazier's order to show cause.

On September 27, 2016, Defendant moved to strike the affirmative defense of satisfaction and accord from Third Party Defendant Lloyds' answer.  (Doc. 52.)  The Court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.  Fed. R. Civ. P. 12(f); *Delta Consulting Group, Inc. v. R. Randle Const., Inc.*, 554 F.3d 1133, 1141 (7th Cir. 2009).  Motions to strike are disfavored, however, and will generally be denied unless the portion of the pleading at issue is clearly prejudicial and of no possible relevance to the controversy at issue.  *Heller v. Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir.1989); *Tektel, Inc. v. Maier*, 813 F.Supp. 1331, 1334 (N.D.Ill. 1992).  Prejudice results, for instance, where the challenged allegation has the effect of confusing the issues or is so lengthy and complex that it places an undue burden on the responding party.  *Cumis Ins. Soc., Inc. v. Peters*, 983 F.Supp. 787, 798 (N.D.Ill. 1997).  The determination of whether to strike under Rule 12(f) is within the discretion of the trial court.  *Talbot v. Robert Matthews Distributing Co.*, 961 F.2d 654, 664 (7th Cir. 1992).

Defendant does not allege that she would suffer prejudice by allowing the affirmative defense to remain, nor does Defendant demonstrate that the affirmative defense bears no relation

to the controversy at issue. Rather, Defendant argues that the evidence attached to the motion shows that the affirmative defense lacks merit. Such arguments are more appropriately raised at the summary judgment stage. *See* Fed. R. Civ. P. 56. Defendant's Motion to Strike is denied.

## CONCLUSION

Based on the foregoing, it is hereby ORDERED that a discovery dispute conference regarding the objections and privileges related to commissions, fees, and reserve amounts will be set by a separate order and that the parties shall prepare briefs and send them to the proposed documents email address no later than three days before the conference. It is further ORDERED that Defendant's Motion to Strike the Answer (Doc. 52) is DENIED.

**SO ORDERED.**

**DATED: November 18, 2016**              *s/     Reona J. Daly*
                                           **UNITED STATES MAGISTRATE JUDGE**